UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JAMES MARTE, an individual,

    Plaintiff,

vs.

MACY'S RETAIL HOLDINGS, INC., a New York Corporation, DEPARTMENT STORES NATIONAL BANK, a South Dakota Bank, and OMNI CREDIT SERVICES, INC., a Wisconsin Corporation,

    Defendants.

                                          /

07cv6374
JUDGE KOCORAS
MAG. JUDGE MASON

## ANSWER AND AFFIRMATIVE DEFENSES OF
## MACY'S RETAIL HOLDINGS AND DEPARTMENT STORES NATIONAL BANK

Defendants, Macy's Retail Holdings, Inc. and Department Stores National Bank, file their Answer and Affirmative Defenses to the Complaint filed by Plaintiff, James Marte, and respond to the allegations as follows:

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 and therefore deny same.

2. Paragraph 2 is admitted.

3. Paragraph 3 is denied.

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and therefore deny same.

5. As to paragraph 5, Defendants admit that Plaintiff has filed an action for money damages under the Fair Credit Reporting Act ("FCRA") but denies that Plaintiff is entitled to

the relief requested and denies that Plaintiff suffered damages as a result of Defendants' credit reporting practices.

6. As to paragraph 6, Defendants admit that venue is proper in this district.

7. Paragraph 7 is denied.

8. As to paragraph 8, DSNB admits that it is a nationally chartered bank. The remainder of paragraph 8 is denied.

9. Paragraph 9 is denied.

10. As to paragraph 10, it is admitted that according to the credit card sales agreement between Plaintiff and the creditor at the time, Plaintiff was not to be charged interest on certain purchases for a period of 12 months as provided in the agreement. The remainder of paragraph 10 is denied.

11. As to paragraph 11, it is admitted that Plaintiff made credit card purchases at Marshall Field's n/k/a Macy's. The remainder of the allegations of paragraph 11 are denied.

12. Paragraph 12 is admitted as to DSNB. Paragraph 12 is denied as to Macy's.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore deny same.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore deny same.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore deny same.

16. As to paragraph 16, Defendants admit that Plaintiff negotiated a settlement with Omni. The remainder of paragraph 16 is denied.

17.     As to paragraph 17, Defendants admit that a settlement agreement was reached on the terms set forth in the letter attached to the Complaint as Exhibit B.  Any allegations inconsistent with Exhibit B are denied.

18.     Paragraph 18 is admitted.

19.     As to paragraph 19, Defendants admit that the letter attached to the Complaint as Exhibit B sets forth the settlement agreement.  Any allegations inconsistent with that agreement are denied.

20.     Paragraph 20 is denied.

21.     Paragraph 21 is denied.

22.     Paragraph 22 is denied.

## COUNT I

### (Violation of 15 U.S.C. § 1681n)

Defendants reallege their responses to paragraphs 1 through 20 set forth above as if fully set forth herein.

23.     As to paragraph 23, the allegation that Defendants are "furnishers of credit information" is a legal conclusion and Defendants therefore deny same.

24.     As to paragraph 24, the allegation that Defendants are "furnishers of credit information" is a legal conclusion and Defendants therefore deny same.

25.     As to paragraph 25, Defendants state that the FCRA speaks for itself.  Any allegations inconsistent with the language of the statute are denied.

26.     Paragraph 26, including all subparts, is denied.

27.     Paragraph 27 is denied.

28.  As to paragraph 28, Defendants expressly deny that Plaintiff has suffered any damages as a result of Defendants' credit reporting practices. The remainder of paragraph 28 is denied.

29.  Paragraph 29 is denied.

## COUNT II

### (Breach of Contract—Credit Agreement)

Defendants reallege their responses to paragraphs 1 through 20 set forth above as if fully set forth herein.

30.  Paragraph 21 [sic] is denied.

31.  As to paragraph 22 [sic], it is admitted that Plaintiff was mistakenly charged interest on his account. The remainder of paragraph 22 is denied.

32.  Paragraph 23 [sic] is denied.

33.  As to paragraph 24 [sic], Defendants expressly deny that Plaintiff has suffered any damages as a result of Defendants' actions. The remainder of paragraph 24 is denied.

## COUNT III

### (Breach of Contract—Settlement Agreement)

As to paragraph 1-20, Defendants reallege their responses to paragraphs 1 through 20 set forth above as if fully set forth herein.

34.  As to paragraph 21 [sic], Defendants admit that the letter attached to the Complaint as Exhibit B sets forth the settlement agreement. Any allegations inconsistent with that agreement are denied.

35.  Paragraph 22 [sic] is admitted.

36. As to paragraph 23 [sic], it is admitted that Plaintiff performed his obligations under the terms of the settlement agreement. The remainder of paragraph 23 is denied.

37. As to paragraph 24 [sic], Defendants expressly deny that Plaintiff has suffered any damages as a result of Defendants' actions. The remainder of paragraph 24 is denied.

38. As to paragraph 25 [sic], Defendants expressly deny that Plaintiff has suffered any damages as a result of Defendants' credit reporting practices. The remainder of paragraph 25 is denied.

## COUNT IV

**(Deceptive Business Practices under the Illinois Consumer Fraud and Deceptive Business Practices Act)**

Defendants reallege their responses to paragraphs 1 through 20 set forth above as if fully set forth herein.

39. Paragraph 21 [sic] is admitted.

40. As to paragraph 22 [sic], Defendants admit that Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, speaks for itself. Any allegations that differ from the actual language of the statute are denied.

41. As to paragraph 23 [sic], the allegations are legal conclusions and Defendants therefore deny same.

42. Paragraph 24 [sic] is denied.

43. Paragraph 25 [sic] is denied.

44. As to paragraph 26 [sic], Defendants admit that Plaintiff paid and Defendants accepted the full amount due under the terms of the settlement agreement.

45. Paragraph 27 [sic] is denied.

Case No. 07cv6374

46. As to paragraph 28 [sic], Defendants expressly deny that Plaintiff has suffered any damages as a result of Defendants' actions. The remainder of paragraph 28 is denied.

47. Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted under 15 U.S.C. § 1681n or the Fair Credit Reporting Act ("FCRA").

2. Plaintiff has no private right of action under the FCRA for the claims alleged in the Complaint.

3. Plaintiff failed to notify Defendants through credit reporting agencies of any alleged dispute with regard to his account and therefore Plaintiff has no claim under the FCRA.

4. Defendants failed to receive the requisite notice of a dispute of information.

5. Plaintiff's claims are barred for failure to satisfy conditions precedent.

6. Plaintiff is not entitled to relief under 15 U.S.C. § 1681n because Plaintiff has not alleged or suffered any actual damages.

7. Plaintiff is not entitled to statutory damages for the claims alleged in the Complaint.

8. Even if Plaintiff is found to be entitled to statutory damages, which is denied, Plaintiff is only entitled to damages incurred after the date of the settlement agreement and only for one violation.

9. If Plaintiff has any actual damages, they are too speculative.

10. Plaintiff has failed to mitigate his purported damages.

11. After the settlement agreement was executed, Plaintiff failed to provide any notice whatsoever to Defendants indicating that they had failed to completely comply with the terms of the agreement, and instead filed this lawsuit, incurring unnecessary legal fees and costs.

12. At all relevant times, Defendants maintained and followed reasonable procedures to avoid violations of the FCRA.

13. Defendants did not violate 15 U.S.C. § 1681n and are entitled to all applicable defenses under the FCRA.

14. Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act are barred and/or preempted by the FCRA.

15. Defendants did not violate the provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act and are entitled to all applicable defenses under the statute.

16. Defendants did not have a legal duty to act in the manner asserted by Plaintiff in the Complaint.

17. Any actions by Defendants were made without intent or malice.

18. Plaintiff's claims are made in bad faith and for purposes of harassment and Defendants are entitled to recover attorney's fees and costs from Plaintiff pursuant to 15 U.S.C. § 1681n or o.

19. Plaintiff is not entitled to punitive damages.

20. Defendants reserve the right to raise additional defenses learned through the course of discovery.

Case No. 07cv6374

WHEREFORE, Defendants, Macy's Retail Holdings, Inc. and Department Stores National Bank, having answered the Complaint, request that the Court deny the relief requested and award attorney's fees and costs to Defendants pursuant to 15 U.S.C. § 1681n or o.

Respectfully submitted,

ADORNO YOSS SANCHEZ & DANIELS

/s/ Hugo Chaviano
Hugo Chaviano - 03126022
333 W. Wacker Drive
Suite 500
Chicago, IL  60606
Phone: (312) 214-3004
Fax:    (312) 641-3004
hchaviano@adorno.com

Case No. 07cv6374

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 4th day of February, 2008 upon:

Mark D. Belongia, Esquire
Ian M. Burns, Esquire
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, IL 60604
Tel: (312) 662-1030
Fax: (312) 662-1040

/s/ Hugo Chaviano

F:\DATA\HISTORY\AY\86782\PLE\ANS & AFF DEF - MACY'S 02-04-08.DOC