UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JAMES MARTE, an individual,

    Plaintiff,

vs.

MACY'S RETAIL HOLDINGS, INC., a
New York Corporation, DEPARTMENT
STORES NATIONAL BANK, a South
Dakota Bank, and OMNI CREDIT
SERVICES, INC., a Wisconsin Corporation,

    Defendants.
_____/

07cv6374
JUDGE KOCORAS
MAG. JUDGE MASON

## ANSWER AND AFFIRMATIVE DEFENSES OF OMNI CREDIT SERVICES, INC.

Defendant, Omni Credit Services, Inc. ("Omni"), files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, James Marte, and responds to the allegations as follows:

1. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 and therefore denies same.

2. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and therefore denies same.

3. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 and therefore denies same.

4. As to paragraph 4, it is admitted that Omni is a Wisconsin corporation. The remainder of paragraph 4 is denied.

5.  As to paragraph 5, Omni admits that Plaintiff has filed an action for money damages under the Fair Credit Reporting Act ("FCRA") but denies that Plaintiff is entitled to the relief requested and denies that Plaintiff suffered damages as a result of Omni's debt collection practices.

6.  As to paragraph 6, Omni admits that venue is proper in this district.

7.  Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and therefore denies same.

8.  Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and therefore denies same.

9.  Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and therefore denies same.

10. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and therefore denies same.

11. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and therefore denies same.

12. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and therefore denies same.

13. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies same.

14. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies same.

15. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore denies same.

16. As to paragraph 16, Omni admits that Plaintiff negotiated a settlement with Omni on the terms set forth in the letter attached to the Complaint as Exhibit B. Any allegations inconsistent with Exhibit B are denied.

17. As to paragraph 17, Omni admits that a settlement agreement was reached on the terms set forth in the letter attached to the Complaint as Exhibit B. Any allegations inconsistent with Exhibit B are denied.

18. Paragraph 18 is admitted.

19. As to paragraph 19, Omni admits that the letter attached to the Complaint as Exhibit B sets forth the settlement agreement. Any allegations inconsistent with that agreement are denied.

20. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 and therefore denies same.

21. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 and therefore denies same.

22. As to paragraph 22, it is denied that Plaintiff made any request to Omni that any error be corrected. Omni is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies same.

## COUNT I

### (Violation of 15 U.S.C. § 1681n)

Omni realleges its responses to paragraphs 1 through 20 set forth above as if fully set forth herein.

23. As to paragraph 23, the allegation that Defendants are "furnishers of credit information" is a legal conclusion and Omni therefore denies same.

24. As to paragraph 24, the allegation that Defendants are "furnishers of credit information" is a legal conclusion and Omni therefore denies same.

25. As to paragraph 25, Omni states that the FCRA speaks for itself. Any allegations inconsistent with the language of the statute are denied.

26. Paragraph 26, including all subparts, is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

## COUNT II

### (Breach of Contract—Credit Agreement)

Omni realleges its responses to paragraph 1 through 20 set forth above as if fully set forth herein.

30. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 [sic] and therefore denies same.

31. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 [sic] and therefore denies same.

32. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 [sic] and therefore denies same.

33. Paragraph 24 [sic] is denied.

## COUNT III

### (Breach of Contract—Settlement Agreement)

Omni realleges its responses to paragraphs 1 through 20 set forth above as if fully set forth herein.

34. As to paragraph 21 [sic], Omni admits that the letter attached to the Complaint as Exhibit B sets forth the settlement agreement. Any allegations inconsistent with that agreement are denied.

35. Paragraph 22 [sic] is admitted.

36. As to paragraph 23 [sic], Omni admits that Plaintiff performed his obligations under the terms of the settlement agreement. The remainder of paragraph 23 is denied.

37. Paragraph 24 [sic] is denied.

38. Paragraph 25 [sic] is denied.

## COUNT IV

### (Deceptive Business Practices under the Illinois Consumer Fraud and Deceptive Business Practices Act)

Omni realleges its responses to paragraphs 1 through 20 set forth above as if fully set forth herein.

39. Paragraph 21 [sic] is admitted.

40. As to paragraph 22 [sic], Omni admits that Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, speaks for itself. Any allegations that differ from the actual language of the statute are denied.

41. As to paragraph 23 [sic], Omni states that the allegations are legal conclusions and Omni therefore denies same.

42. Paragraph 24 [sic] is denied.

43. Paragraph 25 [sic] is denied.

44. Paragraph 26 [sic] is admitted.

45. Omni is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 [sic] and therefore denies same.

46. Paragraph 28 [sic] is denied.

47. Omni denies each and every allegation not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted under 15 U.S.C. § 1681n or the Fair Credit Reporting Act ("FCRA").

2. Omni was not a party to the alleged credit agreement and would not have any contractual liability to Plaintiff for breach of the credit agreement; therefore Count II of the Complaint should be dismissed as to Omni.

3. Plaintiff has no private right of action under the FCRA for the claims alleged in the Complaint.

4. Plaintiff failed to notify Omni through credit reporting agencies of any alleged dispute with regard to his account and therefore Plaintiff has no claim under the FCRA.

5. Omni failed to receive the requisite notice of a dispute of information.

6. Plaintiff's claims are barred for failure to satisfy conditions precedent.

7. Plaintiff is not entitled to relief under 15 U.S.C. § 1681n because Plaintiff has not alleged or suffered any actual damages.

8. Plaintiff is not entitled to statutory damages for the claims alleged in the Complaint.

9. Even if Plaintiff is found to be entitled to statutory damages, which is denied, Plaintiff is only entitled to damages incurred after the date of the settlement agreement and only for one violation.

10. If Plaintiff has any actual damages, they are too speculative.

11. Plaintiff has failed to mitigate his purported damages.

12. After the settlement agreement was executed, Plaintiff failed to provide any notice whatsoever to Omni indicating that it had failed to completely comply with the terms of the agreement, and instead filed this lawsuit, incurring unnecessary legal fees and costs.

13. At all relevant times, Omni maintained and followed reasonable procedures to avoid violations of the FCRA.

14. Omni did not violate 15 U.S.C. § 1681n and is entitled to all applicable defenses under the FCRA.

15. Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act are barred and/or preempted by the FCRA.

16. Omni did not violate the provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act and is entitled to all applicable defenses under the statute.

17. Omni did not have a legal duty to act in the manner asserted by Plaintiff in the Complaint.

18. Any actions by Omni were made without intent or malice.

19. Plaintiff's claims are made in bad faith and for purposes of harassment and Omni is entitled to recover attorney's fees and costs from Plaintiff pursuant to 15 U.S.C. § 1681n or o.

20. Plaintiff is not entitled to punitive damages.

21. Omni reserves the right to raise additional defenses learned through the course of discovery.

WHEREFORE, Defendant, Omni Credit Services, Inc., having answered the Complaint,

requests that the Court deny the relief requested and award attorney's fees and costs to Omni pursuant to 15 U.S.C. § 1681n or o.

Respectfully submitted,

ADORNO YOSS SANCHEZ & DANIELS


/s/ Hugo Chaviano
Hugo Chaviano - 03126022
333 W. Wacker Drive
Suite 500
Chicago, IL  60606
Phone: (312) 214-3004
Fax:    (312) 641-3004
hchaviano@adorno.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 19th day of February, 2008 upon:

Mark D. Belongia, Esquire
Ian M. Burns, Esquire
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, IL  60604
Tel:  (312) 662-1030
Fax: (312) 662-1040

/s/ Hugo Chaviano
